UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America
    Respondant/Plaintiff

vs.

Mr. Charles Winters
    Defendant
_____/

Case No. Cr-F-81-193-REC.

**FILED**
APR 0 2 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

MOTION TO REDUCE SENTENCE Pursuant To 18 U.S.C. 3582(c)(2)

Background: Defendant was charged, In the United States District Court for the Eastern District of California, Pursuant To Titles, 18 USC 1201(a)-Kidnapping: 18 USC 924(c)(2) Carring a Firearm during Commission of Felony: 18 USC 1202-Possession of Firearm by Felon: and 18 USC 2421- White Slave Traffic (Mann Act.)
The Court sentenced Life as to count 1 of the Indictment;
10 years as to count 2 Life as to count 3 2 years as to count 4
(5) years as to count 5;
All the above sentences as imposed are pursuant to 18 USC 4205(a).
it was Further Ordered that sentences imposed as to counts 2,3,4, 5, were to run consecutive with count # 1.

Defendant comes before this Court seeking the reduction of his prison sentence pursuant to 18 USC 3582(c)(2)(2000).
He asks that this Court give retroactive effect to Amendment (599) Under U.S.S.G. 1B1.10(c) and remove the Relevant Conduct, Pursuant to 2K2.4(b)(5) Enhancement, and Count # 3 and reduce his sentence The Sentenceing Commission has expressly designated Amendment (599) as one that may be applied retroactively, See: U.S.S.G. 1B1.10(c). p.s. (2000).

NAME _____
CDC/BKG# 02906-091
PO BOX 4000
STREET _____
CITY, ST., ZIP Springfield, MO 65801

(1)

## BRIEF IN SUPPORT

The district Court makes two determinations in deciding whether or not to modify a sentence Under 18 USC 3582(c)(2). Under the first step the Sentencing Court Considers what Sentence it would have imposed had the retroactive Amendment been in effect at the time the Defendant was sentenced U.S.S.G. 1B1.10(b). p.s. The district Court determines what Sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. leaving Untouched all other previous factual decisions concerning particularized sentencing factors.
See: United States v. Wyatt, 115 F.3d 606,609 (8th cir. 1997).
Such factors include role in the offense, obstruction of Justice, victim adjustments more than minimal planning and acceptance of responsibility
In This particular Case The defendant was charged and Convicted of carrying a firearm during Commission of A felony From on ar about September 20, 1981 in the Eastern District of California, To on and/or about October 25, 1981, In Cheyenne State of Wyoming Mr. Charles Winters did willfully, Knowingly, and Unlawfully carry a Firearm that was a .38 Caliber Revolver during the Commission of The offense Of Kidnapping" (Hence" The Underlying offense). also Count # 4 charged Possession of a Firearm by Felon.

In 2002, The text found in Amendment 599 was moved from App. n.2 To App. note 4

Amendment 599 changed Application note 2 to U.S.S.G. 2K2.4 which governs Sentencing Under 924(c).

(2)

Defendant challenges the Commentary to App. note 2 and Amendment (599). which states do not Apply any Specific Offense Characteristics" to the Underlying offense The guidelines do not define Underlying offense, In 2000 the Sentencing Commission issued Amendment 599 to the U.S.S.G. and made retroactive, U.S.S.G. Manual app. C. vol II, amend (599)(2000). U.S.S.G. Manual 1B1.10 This amendment clarified the extent to which a sentencing court may impose a weapons adjustment for one offense where the defendant also has been convicted Under 924(c).

In This Particular Case, Amendment (599). changed U.S.S.G. Manual 2K2.4 cmt. App.n.2. which governs sentencing Under 18 USCS 924(c). A sentencing for a 18 U.S.C.S. 924(c) charge accounts For any enhancement for explosive or weapon, Including possession. use, or discharge for the Underlying offense of conviction ("Hence" Including Kidnapping"), including any such enhancement that would apply based On conduct for which the defendant is accountable Under U.S.S.G. Manual 1B1.3 (Relevant Conduct). U.S. Sentencing Guidelines Manual app. C. vol II Amend 599, (2000). Therefore this District Court must decide whether Amendment 599 would have precluded application of the Upward adjustment Under 2K2.4 had it been in effect at the time of Mr. Winters Sentencing hearing, Mr. Winters contends it would have!

Dear Judge Pursuant To U.S.S.G. 1B1.3 cmt Application n. 1(H) Provides for an enhancement only if the offense involved between Three and Seven firearms The defendant was not charged with Three or Seven firearms In This Case.

In this Particular case Mr. Winters was accountable for and charged with 1B1.3 (Relevant Conduct) To The Underlying Offense of Kidnapping, See: U.S.S.G. 1B1.3(a)(1)(A) The 924(c) and 1202 Now codified 922(g) Possession of Firearm by Felon Count #4 accounted for the Possibility of an upward adjustment under 2K2.4 Had The Amendment been in Place at The time of Mr. Winters Sentencing imposing the Upward adjustment would have been forbidden. See: United States v. Goines, 357 F.3d at 472-73(4th cir. 2003) Accordingly Mr. Winters ask the district Court to simply determine the Guideline range that would have applied in this case had amendment 599 been in effect at the time he was sentenced which Prohibits 1B1.3 and The (Relevant Conduct) Here the Guideline range would be a lessor sentence as opposed to the Pre-Amendment's sentencing range.

Having established the applicable Amendment guideline range the court next considers the factors contained in 18 U.S.C. 3553(a) and, in the exercise of it's thus informed discretion decide whether or not to modify the original sentence previously imposed Wyatt, 115 F.3d at 609. in 3582(c)(2) The factors set fourth in 3553(a) are the Following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) the need for the sentences, imposed,

(3) the kinds of sentences available:

(4) the applicable sentencing range Under the Guidelines and

(5) any pertinent Sentencing Commission policy statements

(6) The need to avoid unwarranted sentence disparities among defendants and

(7) The need to provide restitution to victims U.S.C. 3553(a).
   Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence and rehabilitation.

(4)

<u>BRIEF IN SUPPORT AND FACTS</u>

In This Particular Case Judge Mr. Winters Health is a main Concern Therefore Judge Mr. Winters and His Family ask that the Court give Mr. Winters a conditional release to Home confinement Judge I am a Jailhouse Lawyer and Mr. Winters has a Multitude of life treating health issues, For one Judge Mr. Winters is 75 years old he was born in 1936 and he has been is Federal Custody since 1981, Judge Mr. Winters poses no danger to his Community and will reside with Raymond Price his brother who lives in Sacramento, California.

Judge Mr. Winters suffers from a Pacemaker/Defibrillator and must be hand-scanned or Pat Searched everyday, he needs to sleep on a special Mattress: air and he must wear special Medical shoes for walking.

Judge Mr. Winters suffers from Schizophrenia, Paranoid Type, In Partial Remission, he also suffers from Antisocial Personality Traits, Atypical chest pain Hypertension Dilated cardiomyopathy, History of Heart failure History of diabetes mellitus, currently diet controlled stressors: Mr. Winters is on 13 medications See:[Medical Records Exhibits Attachments] Judge Mr. Winters should be released to the Community Confinement Center, or at least home confinement, so that he can spend the rest of his time with his family Mr. Winters requests that he be transferred close to his family as soon as possible.

BRIEF IN SUPPORT

In conclusion, Defendant respectfully request that this Court grant his Motion For Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2). On This 1st day of April 2012.

Respectfully Submitted

*Charles Winters*

Mr. Charles Winters
#02906-091
U.S. MCFP Springfield
P.O. Box 4000
Springfield, Mo 65801-4000

CERTIFICATE OF SERVICE

I *Charles Winters* hereby certify that I mailed a true copy of my Motion For Sentence Reduction Pursuant to 3582(c)(2) to the United States District Court Eastern District of California by placing same in a sealed pre-paid envelope and placed within the Springfield Institutional legal mail at The ISM's Office.

Respectfully Submitted

*Charles Winters*

Mr. Charles Winters

To: Clerk:
Jack L. Wagner
U.S. District Court
Eastern District of California
2500 Tulare St., Room 1501
Fresno, CA 93721-1318
(559)499-5600

To: Mr. Lawrence G. Brown
United States Attorney:
2500 Tulare St. Suite 4401
Fresno, CA 93721
(559) 497-4000/Fax (559)497-4099

United States of America vs.

**DEFENDANT:** CHARLES WINTERS

EASTERN DISTRICT OF CALIFORNIA

**DOCKET NO.:** CR-F-81-193-REC

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date — **March 4 1983**

**COUNSEL:**
- [ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.
- [X] WITH COUNSEL — Hugh Goodwin, Appointed (Name of counsel)

**PLEA:**
- [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,
- [ ] NOLO CONTENDERE,
- [X] NOT GUILTY

**FINDING & JUDGMENT:**
There being a finding/verdict of
- [ ] NOT GUILTY. Defendant is discharged
- [X] GUILTY.

Defendant has been convicted as charged of the offense(s) of 18 USC 1201(a) – Kidnapping; 18 USC 924(c)(2) – Carrying Firearm during Commission of Felony; 18 USC 1202 – Possession of Firearm by Felon; 18 USC 2421 – White Slave Traffic (Mann Act.)

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

**SENTENCE OR PROBATION ORDER:**

LIFE as to count 1 of the Indictment;

(10) years as to count 2;

LIFE as to count 3;

(2) years as to count 4;

(5) years as to count 5;

**SPECIAL CONDITIONS OF PROBATION:**

All the above sentences as imposed are pursuant to 18 USC 4205(a).

IT IS FURTHER ORDERED that sentences imposed as to counts 2,3,4,5 are to run CONSECUTIVE with count 1.

**ADDITIONAL CONDITIONS OF PROBATION:** In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period;

**COMMITMENT RECOMMENDATION:** The court orders commitment to the custody of the Attorney General and recommends,

U.S. PENITENTIARY
LEAVENWORTH, KANSAS

4-25-83
RECEIVED

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY:**
[X] U.S. District Judge
[ ] U.S. Magistrate

ROBERT E. COYLE    Date: 3/4/83

# Bureau of Prisons
# Health Services
# Medical Duty Status

Reg #: 02906-091      Inmate Name: WINTERS, CHARLES

___ Medical Hold: Do not transfer inmate for Medical Reason.

### Housing Status

___ confined to the living quarters except ___meals ___pill line ___treatments    Exp. Date: _____

___ on complete bed rest: ___bathroom privileges only    Exp. Date: _____

___ cell: ___cell on first floor ___single cell ___lower bunk ___airborne infection isolation   Exp. Date: _____

___ other: _____    Exp. Date: _____

### Physical Limitation/Restriction

___ all sports    Exp. Date: _____

___ weightlifting: ___upper body ___lower body    Exp. Date: _____

___ cardiovascular exercise: ___running ___jogging ___walking ___softball    Exp. Date: _____
    ___football ___basketball ___handball ___stationary equipment

___ other: _____    Exp. Date: _____

### May have the following equipment in his / her possession:

| Equipment | Start Date | End Date |
|---|---|---|
| Medical Shoes | 03/31/2010 | 03/31/2011 |
| Pacemaker | 02/03/2009 | |
| Mattress: air | 11/21/2008 | |

### Work Restriction / Limitation

Cleared for Food Service: No

X No Restrictions

### Restraint Restrictions

___ cuff only front    ___ no leg irons    ___ no face down position in four-point restraints

___ no CN gas    ___ no pepper spray

___ no cuff: ___right arm ___left arm ___right leg ___left leg

___ other: _____    Exp. Date: _____

Comments: Inmate must be hand-scanned or Pat Searched
Inmate is not to go through the Metal Detector because of Pacemaker/Defibrillator
Good at THX USP/FCI/Camp only 03/25/2011-03/25/2012
Per P. Harvey MD, NCR MD

Jackson, Krysti CMA      03/25/2011
Health Services Staff      Date

Inmate Name: WINTERS, CHARLES    Reg #: 02906-091    Quarters: A02

Exhibit (A)

BP-S622.060 **RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM**
JUL 99
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

| Patient Identification: Name, Register Number, Date of Birth, Institution | Age: 69 | Sex: M | Examination Performed: ❖ MR lumbar spine |
|---|---|---|---|
| WINTERS, Charles 02906-091 05-29-36 FMC Butner | Pregnant: No | | |
| | Diabetic: | | Unit: 1G |
| | Requested By: HALL MD | | Date Requested: 09-20-05 |

History/Indications for Study:
  ❖ MRI L/S spine in patient with left LE pain and numbness that radiates into foot. He also has a loose total hip replacement.

| Date of Examination: 09-23-05 | Date of Report: 09-23-05 | Date of Transcription: 09-26-05 | Film: |
|---|---|---|---|

## RADIOLOGIC REPORT

**Study/Technique:**
**Comparison:**

### FINDINGS
Conventional lumbar numbering presumed. Vertebral marrow signal normal, without evidence of fracture or metastasis. Alignment normal. Upper three lumbar intervertebral disc levels unremarkable, other than mild DJD of the facet joint at L3-4.

L4-5 demonstrates mild to moderate disc desiccation and bulging with moderate bilateral degenerative facet and ligamentum flavum ligament hypertrophy. Resultant mild to moderate bilateral degenerative foraminal stenoses, though without definite neural compression. Negative for disc herniation or central stenosis.

L5/S1 demonstrates mild to moderate disc desiccation and bulging with mild bilateral facet DJD. Resultant moderate bilateral degenerative foraminal stenoses, left slightly greater than right, possibly with mild impingement upon the exiting left L5 nerve root within the foramen. Otherwise negative for disc herniation or spinal stenosis.

### IMPRESSION
1. Overall mild to moderate degenerative changes L4-5 and L5/S1 as described below, including foraminal stenoses, greatest on the left at L5/S1 where there may be mild impingement upon the exiting left L5 nerve root.
2. Otherwise negative for disc herniation or spinal stenosis.

Exhibit (C)

R.L. Hall, M.D.
Orthopedic Surgeon

Hall 9/30/05

| Signature: M. DAVID WIENER, M.D. | Location of Radiologic Facility FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)        This form replaces BP-S622 dtd AUG 96

BP-S622.060 **RADIOLOGIC CONSULTATION REQUEST/REPORT** CDFRM
JUL 99
**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

| Patient Identification: Name, Register Number, Date of Birth, Institution | Age: 69 | Sex: M | Examination Performed: |
|---|---|---|---|
| WINTERS, Charles<br>02906-091<br>05-29-36<br>FMC Butner | Pregnant: No | | ❖ abdominal aorta ultrasound |
| | Diabetic: | | Unit: 5B |
| | Requested By:<br>WALASON MD | | Date Requested:<br>03-20-06 |

| History/Indications for Study: |
|---|
| ❖ Recent chest x-ray noted tortuosity of the thoracic aorta. |

| Date of Exam:<br>03-21-06 (Tuesday) | Date Dictated/Tape Received:<br>03-21-06 (Tuesday) | Date Dictation Transcribed:<br>03-22-06 (Wednesday) | Film: |
|---|---|---|---|

## RADIOLOGIC REPORT

**Procedure:** multiple sonographic images of the retroperitoneum to include the aorta and transverse longitudinal planes
**Comparisons:**

### FINDINGS
There is tortuosity, diffuse atherosclerotic disease, and ectasia of the abdominal aorta. The greatest AP diameter is approximately 3.0 cm. The greatest transverse diameter is 3.7 cm. Both the iliac arteries are ectatic and measure slightly greater than 2 cm in AP diameter. Limited imaging of the aortic root measures approximately 3.7 cm though imaging is difficult in this region.

### IMPRESSION
Tortuosity, atherosclerotic disease, and ectasia abdominal aorta. Please note the thoracic aorta is incompletely evaluated by ultrasound.

| Signature:<br><br>RICHARD KEITH HOLLIS, D.O. | Location of Radiologic Facility<br>FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)      This form replaces BP-S622 dtd AUG 96

BP-S622.060 RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM
JUL 99
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| Patient Identification: Name, Register Number, Date of Birth, Institution | Age: | Sex: M | Examination Performed: left hip series |
|---|---|---|---|
| WINTERS, Charles 02906-091 05-29-36 FMC Butner | Pregnant: No | | |
| | Diabetic: | | Unit: |
| | Requested By: WINSTON MD | | Date Requested: 04-30-07 |

| History/Indications for Study: pain | | | |
|---|---|---|---|
| Date of Study: | Date Dictation Received: 04-30-07 [Monday] | Date Dictation Transcribed: 05-01-07 [Tuesday] | Film: |

### RADIOLOGIC REPORT

**Procedure:** AP pelvis plus AP and cross table lateral left hip
**Comparisons:** 1-17-07

### FINDINGS

Left total hip arthroplasty without significant interval change. The femoral acetabular components appear to be well seated. No fracture or dislocation noted.

Extensive endosteal scalloping in the lateral aspect of the proximal femoral diaphysis adjacent to the midportion of the left femoral component without significant interval change.

Status post right hip pinning with multiple threaded screws.

*Preliminary report called to Dr. Markus at the time of initial teleradiology review by Dr. Bone at approximately 10:30 PM on 4-29-07.*

### IMPRESSION

1. Status post left hip replacement without significant interval change. Stable endosteal scalloping along the lateral aspect of the proximal femoral diaphysis adjacent to the femoral component.
2. No fracture or dislocation noted.
3. Previous right hip pinning.

| Signature: ANDREW CHOI, M.D. | Location of Radiologic Facility: FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)      This form replaces BP-S622 dtd AUG 96

BP-S622.060 RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM
JUL 99
U.S. DEPARTMENT OF JUSTICE                                          FEDERAL BUREAU OF PRISONS

| Patient Identification: Name, Register Number, Date of Birth, Institution | Age: | Sex: M | Examination Performed: |
|---|---|---|---|
| WINTERS, Charles<br>02906-091<br>05-29-36<br>FMC Butner | Pregnant: No | | ↦ cross table lateral and swimmer's lateral cervical spine |
| | Diabetic: | | Unit: |
| | Requested By:<br>WINSTON MD | | Date Requested:<br>04-30-07 |

| History/Indications for Study:<br>↦ pain - rule out fracture | | | |
|---|---|---|---|
| Date of Study: | Date Dictation Received:<br>04-30-07 [Monday] | Date Dictation Transcribed:<br>05-01-07 [Tuesday] | Film: |

### RADIOLOGIC REPORT

**Procedure:**
**Comparisons:**

### FINDINGS
No gross disruption is identified on the lateral views provided but overlying ribs and soft tissue shadows limit detail. Marked disc space narrowing and vertebral endplate osteophytes at and below C3-4, compatible with degenerative and spondylosis changes.

The visualized portions of the prevertebral soft tissue shadows are unremarkable.

### IMPRESSION
1. Extensive degenerative and spondylosis changes with degenerative disc disease changes at multiple levels.
2. No fractures or subluxations noted on the views provided. A CT scan is pending for further evaluation.

| Signature:<br>ANDREW CHOI, M.D. | Location of Radiologic Facility:<br>FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)                    This form replaces BP-S622 dtd AUG 96

BP-S622.060 RADIOLOGIC CONSULTATION REQUEST/REPORT CDFRM
JUL 99
U.S. DEPARTMENT OF JUSTICE                                          FEDERAL BUREAU OF PRISONS

| Patient Identification: Name, Register Number, Date of Birth, Institution | Age: | Sex: M | Examination Performed: CT cervical spine without contrast |
|---|---|---|---|
| WINTERS, Charles 02906-091 05-29-36 FMC Butner | Pregnant: No | | |
| | Diabetic: | | Unit: |
| | Requested By: WINSTON MD | | Date Requested: 04-30-07 |

| History/Indications for Study: pain - rule out fracture | | | |
|---|---|---|---|
| Date of Study: | Date Dictation Received: 04-30-07 [Monday] | Date Dictation Transcribed: 05-01-07 [Tuesday] | Film: |

## RADIOLOGIC REPORT

**Procedure:** axial images from the skull base to the upper thoracic spine without contrast; reconstructed sagittal and coronal images
**Comparisons:** 6-3-06

### FINDINGS

No significant interval change. Multilevel degenerative changes. Nearly complete absence of the disc spaces at C5-6 and C6-7 as before. This could represent advanced degenerative changes, congenital effusion or previous surgery. Additional disc space narrowing and osteophytes at C3-4, C4-5 and C7/T1.

Evidence for facet arthropathy and bony foraminal encroachment at multiple levels, present to a mild degree at C2-3 and the left C3-4 levels. More severe bony foraminal encroachment and stenosis at the right C3-4 and C4-5 foramen. Mild bony foraminal encroachment bilaterally at C5-6. Uncovertebral spur with associated severe foraminal stenosis at the left C6-7 level. Borderline stenosis due to left facet arthropathy at C7/T1.

Vertebral endplate spurring anteriorly with degenerative changes at T1-2. Mild dilatation of the visualized portions of the aortic arch and proximal descending thoracic aorta. This measures at least 4 cm in diameter but the dilated portion on the previous study lies inferior to the area scanned on this exam.

The previously noted asymmetry in the left aryepiglottic fold is less pronounced on this exam but mild asymmetry persists in the left piriform sinus. Retained mucous secretions are possible but soft tissue abnormality or neoplastic etiologies would be difficult to exclude. This can be further evaluated as needed with direct visualization.

*Preliminary report called to Dr. Markus at the time of initial teleradiology review by Dr. Bone at approximately 10:30 PM on 4-29-07.*

### IMPRESSION

1. Extensive degenerative and spondylosis changes. Fusion of C5-6 and C6-7.
2. No significant interval change.
3. No fractures or subluxations noted.
4. The previously noted asymmetry involving the left aryepiglottic fold and adjacent left piriform sinus is less pronounced on this study. If warranted, this finding can be better evaluated with direct visualization.
5. Prior study showed fusiform aneurysmal dilatation in the visualized aspect of the proximal descending thoracic aorta, not fully included on this study. The thoracic aorta and left aryepiglottic fold findings had already been discussed on the previous CT scan report.

| Signature: ANDREW CHOI, M.D. | Location of Radiologic Facility: FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)                This form replaces BP-S622 dtd AUG 96

BP-S622.060 **RADIOLOGIC CONSULTATION REQUEST/REPORT** CDFRM
JUL 99
U.S. DEPARTMENT OF JUSTICE   FEDERAL BUREAU OF PRISONS

| **Patient Identification:** Name, Register Number, Date of Birth, Institution | Age: 70 | Sex: M | Examination Performed: |
|---|---|---|---|
| WINTERS, Charles<br>02906-091<br>05/29/36<br>FMC Butner | Pregnant: No | | ❖ pelvis and left hip |
| | Diabetic: | | Unit: 1G |
| | Requested By:<br>HALL MD | | Date Requested:<br>06/08/06 |

History/Indications for Study:
❖

| Date of Exam:<br>06/09/06 (Friday) | Date Dictation Received:<br>06/09/06 (Friday) | Date Dictation Transcribed:<br>06/12/06 (Monday) | Film:<br>06-1438 |
|---|---|---|---|

## RADIOLOGIC REPORT

**Procedure:**
**Comparisons:** 3 April 2006

### FINDINGS
No significant change. Status post right hip pinning with healed femoral neck fracture. Status post left hip complete arthroplasty with long stem frontal component, presumably revision. Stable endosteal scalloping lateral aspect left proximal femoral diaphysis as described on prior report. Negative for fracture or dislocation. Moderate asymmetric degenerative change is evident left sacroiliac joint.

### IMPRESSION
1. No significant change.
2. Status post pinning of healed right hip fracture and left total hip prosthesis revision as described above.
3. Moderate asymmetric DJD left sacroiliac joint.

R.L. Hall, M.D.
Orthopedic Surgeon

| Signature:<br>M. DAVID WIENER, M.D. | Location of Radiologic Facility<br>FMC Butner |
|---|---|

Original - Medical Record; Copy - Physician; Copy - Radiology
(This form may be replicated via WP)   This form replaces BP-S622 dtd AUG 96

5. Risperdal Consta intramuscular 50 mg every two weeks; most recent dose June 2, 2004.
6. Oral Risperdal 4 mg nightly, tapering by 1 mg every five days.
7. Vitamin E 400 units three times a day. He has nonformulary approval for this.
8. Cogentin 1 mg twice daily.
9. Tylenol 325 mg every six hours as needed.
10. Carvedilol 12.5 mg twice daily.
11. Triple antibiotic ointment self applied to nasal lesion twice daily for two weeks.
12. Ativan 0.5 po nightly and twice a day as needed for anxiety.
13. Nitroglycerin 0.4 sublingual as needed for chest pain.

## TRANSFER DIAGNOSES:

AXIS I:   395.3   Schizophrenia, Paranoid Type, In Partial Remission

AXIS II:   Antisocial Personality Traits

AXIS III:   Atypical chest pain
Hypertension
Dilated cardiomyopathy
History of congestive heart failure
Status post right hip internal fixation in October 2003
History of diabetes mellitus, currently diet controlled

*[handwritten: right hip fixation 2003. hip replace 1998   CS 10/25/04]*

AXIS IV:   Stressors: chronic mental illness, separation from social supports, life sentence

AXIS V:   GAF = 45

## TRANSFER RECOMMENDATIONS:

1. Heart healthy, low salt, low cholesterol, low fat diet.
2. Restricted duty status due to recurrent chest pain and difficulty ambulating due to arthritis and history of bilateral hip surgery.
3. Activity as tolerated.
4. Routine health maintenance including chronic care clinic for diabetes, hypertension, and cardiology.
5. Mr. Winters should be transferred to a mainline institution that has psychology services and psychiatric consultants available so that his treatment may continue. Warden Duke Terrell has agreed to accept him at FCI Terminal Island. Mr. Winters has stated that he will continue his psychiatric treatment regime when he arrives at his designated institution. He does remain intermittently paranoid and irritable. His behavior does respond to frequent

WINTERS, CHARLES
REG. NO.: 02906-091
DOB: 05-29-1936         Exhibit (B)
FMC ROCHESTER.
PAGE 4