IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>  v.<br><br>CHARLES WINTERS,<br><br>  Defendant/Petitioner.<br>_____/ | CASE NO. CR F 81-193 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

**INTRODUCTION**

Defendant and petitioner Charles Winters ("Mr. Winters") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Mr. Winters was sentenced in 1983. Since that time, he has filed at least three section 2255 motions and one appeal. All were unsuccessful attempts to attack his conviction for, *inter alia*, kidnapping and human trafficking for immoral purposes, and his multiple life sentences. Having considered Mr. Winters' latest section 2255 motion on the record, this Court DENIES the motion.

**BACKGROUND**

By jury trial in November 1982, Mr. Winters was convicted of five charges: kidnapping (counts one and three); transporting women in interstate commerce for immoral purposes in violation of the Mann Act, 18 U.S.C. §2421 (1982) (count five); carrying a firearm during the commission of a felony (count two); and felon in possession of a firearm (count four). Mr. Winters was convicted of these crimes for beating, raping, and forcing into prostitution two women over a period of time and several states. The details of Mr. Winters' crimes are described in *United States v. Winters*, 729 F.3d 602 (9th Cir. 1984).

Mr. Winters was sentenced pursuant to 18 U.S.C. §4205(a) on April 25, 1983. Mr. Winters was

1  sentenced to life imprisonment on each of the two kidnapping charges, ten years as to count two, two
2  years as to count four, and five years as to count five. The court ordered that the sentences imposed as
3  to counts two through five shall run consecutively with count one. In total, Mr. Winters was sentenced
4  to two life sentences and an additional fifteen years for his crimes.

5        Mr. Winters appealed his kidnapping and trafficking charges. The Ninth Circuit affirmed his
6  convictions on those charges on March 26, 1984.

7        Mr. Winters filed a section 2255 motion on July 23, 1991. By order dated July 30, 1991, his first
8  section 2255 motion was denied. Mr. Winters did not appeal that denial.

9        Mr. Winters filed his second section 2255 motion on August 31, 2004. That motion was denied
10 as untimely. In addition, the court rejected Mr. Winters' arguments because they were applicable to the
11 Sentencing Guidelines. The court pointed out that Mr. Winters was not sentenced under the Sentencing
12 Guidelines. Mr. Winters did not appeal that order denying his second 2255.

13       The instant motion is Mr. Winters' third section 2255 motion. Mr. Winters first argues that
14 Amendment 599 to the Sentencing Guidelines should be given retroactive effect and that, applied
15 retroactively, would reduce Mr. Winters' sentence. Second, Mr. Winters submits a compassionate plea
16 to be released to spend the rest of his time with family because he is aged and suffers from multiple
17 illnesses. In the alternative, Mr. Winters appears to be requesting a transfer to a prison closer to his
18 family in Sacramento, California.

19 **DISCUSSION**
20 **Mr. Winters' Arguments Relying on the Sentencing Guidelines**

21       Mr. Winters' arguments related to the amendments to the Sentencing Guidelines are inapposite.
22 As this Court previously ruled, Mr. Winters may not rely on these arguments because he was not
23 sentenced pursuant to the Sentencing Guidelines. Mr. Winters was sentenced pursuant to 18 U.S.C.
24 §4205. That section was repealed n October 12, 1984, with an effective date of the repeal of November
25 1, 1987. Although repealed, this statute was to remain in effect as to an individual–like Mr.
26 Winters–who committed an offense during the relevant time period. On October 21, 2011, Congress
27 extended the time period that this statute was to remain in effect for individuals sentenced under this
28 statute to twenty-six years. Accordingly, this statute remains in effect as to Mr. Winters until at least

November 1, 2013, unless Congress acts to further extend the effectiveness of this statute. Accordingly, Mr. Winters cannot rely on arguments related to the Sentencing Guidelines, since they do not apply to him.

Even if the Sentencing Guidelines were applicable to him, Mr. Winters' section 2255 motion would be untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 124, imposed a one-year statute of limitations period on a federal prisoner's collateral attack on his or her federal sentence. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The applicable statue of limitations is embodied in 28 U.S.C. § 2255(f), which reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." *U.S. v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting *Flynt v. Ohio*, 451 U.S. 619, 620 (1981)); *see also, Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989) ("[A] criminal judgment necessarily includes the sentence imposed upon the defendant."). As Mr. Winters' sentence was imposed almost thirty years ago, Mr. Winters' motion is barred by the statute of limitations.

Even if his claim were tolled equitably until the alleged amendment to the Sentencing Guidelines became retroactive, Mr. Winters' section 2255 motion is still untimely. Equitable tolling is unavailable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). The retroactivity of Amendment 599 was determined in 2000. Mr. Winters failed to raise this issued until 2012. Accordingly, Mr. Winters' motion is dismissed as untimely, even if the statute of limitations were tolled equitably.

As a third independent basis for denying the motion, this Court lacks jurisdiction over this

successive section 2255 motion. Before this Court can consider a second or successive section 2255 motion, the petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A);[1] *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). Mr. Winters has not shown that he has obtained leave from the Court of Appeals to file this motion. Thus, this Court lacks jurisdiction to consider the claims raised in his third section 2255 motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

Because the Sentencing Guidelines are inapplicable to him, because this motion is untimely, and because this Court lacks jurisdiction over this successive section 2255 motion, Mr. Winters' motion is DENIED.

## Compassionate Early Release or Transfer

At the end of his motion, Mr. Winters explains that his "main concern" is his health. Mr. Winters explains that he is 75 years old and suffers from multiple life-threatening health issues. Mr. Winters submits that he poses no danger to his community and that he will reside with his brother in Sacramento, California. Mr. Winters asks to be released to a community confinement center or home confinement so that he can spend the rest of his time with this family. Mr. Winters also requests to be transferred close to his family as soon as possible.

A section 2255 motion is the inappropriate vehicle to request a transfer or early release. Mr. Winters must raise these issues with the warden who, if finding good cause, will make an appropriate

---

[1] Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new retroactive rule of constitutional law. 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

motion with this Court. See 18 U.S.C. §3582(c)(1)(A). This Court notes that Mr. Winters appears to be ineligible for an early release because of the sentence imposed and the date of those sentences. Additionally, Mr. Winters does not appear to suffer from extraordinary circumstances that could not have been foreseen at the time of sentencing. Similarly, a request for transfer must originate with the prison. Accordingly, this Court DENIES Mr. Winters' request for release or transfer.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Winters' conviction. Accordingly, a certificate of appealability is improper and is denied.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Winters' section 2255 relief and a certificate of appealability. The clerk is DIRECTED to close the attendant civil case.

IT IS SO ORDERED.

**Dated:   April 4, 2012**                    /s/ Lawrence J. O'Neill
                                                               UNITED STATES DISTRICT JUDGE